IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA STOMMEL,<br><br>                Plaintiff,<br><br>vs.<br><br>LNV CORPORATION,<br><br>                Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:13CV821DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant LNV Corporation's Motion to Dismiss Plaintiff Christina Stommel's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] On March 5, 2014, the court held a hearing on the motion. At the hearing, Plaintiff was represented by David M. Bennion and Zack L. Winzeler, and Defendant was represented by R. Willis Orton. The court has carefully considered the pleadings, and memoranda submitted by the parties as well as the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Christina Stommel filed this action in defense of Defendant LNV's threatened foreclosure of her primary residence. On October 15, 2008, Stommel purchased the residence from Matthew Phair. Phair had encumbered the property with three deeds of trust in Phair's

---

[1] Defendant also moved for dismissal for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) but withdrew that basis at oral argument on the motion.

name as grantor and borrower. The first two deeds of trust, both dated December 30, 2005, were Phair's first and second mortgages to Lehman Brothers Bank FSB. The third Deed of Trust was a Commercial Deed of Trust, dated March 28, 2008, from Phair to America West Bank.

Prior to closing, Select Title Agency, the title and escrow agency responsible for closing the transaction between Phair and Stommel, contacted Lehman Brothers and America West Bank to obtain payoff figures for the deeds of trust. America West sent an email to Select Title stating that no payoff was required on the America West Deed of Trust because America West had only recorded the Deed of Trust against the property out of an abundance of caution. In connection with commercial loans that America West made to Phair's commercial development company, Cortland Ridge Development, America West required Phair to execute the America West Deed of Trust. The America West Deed of Trust was not to provide America West with collateral for the commercial loans to Cortland Ridge but, instead, was to prevent Phair from further encumbering the property which was his primary residence. America West promised in writing to reconvey the America West Deed of Trust as soon as it received evidence that the sale from Phair to Stommel was complete.

After the sale of the property was complete, Select Title sent the HUD-1 Settlement Statement for the transaction to America West as evidence that the sale had been finalized. Despite this evidence, America West did not record a reconveyance of the America West Deed of Trust before America West went into receivership.

A few moths later, on May 1, 2009, the Utah Department of Financial Institutions closed America West and the Federal Deposit Insurance Corporation ("FDIC") took over as America West's receiver. On April 29, 2010, the FDIC assigned the America West Deed of Trust on

Stommel's property to Defendant LNV.

Almost three years later, on April 8, 2013, LNV sent Stommel a letter threatening to foreclose the America West Deed of Trust unless Stommel paid over $300,000 that LNV claimed was still owing on loans America West made to Phair's company, Cortland Ridge. Stommel refused to pay LNV's demand, and LNV threatened to foreclose its lien on the property to satisfy the debt. In August 2013, Stommel sued LNV in state court in Utah. LNV then removed the case to this court.

Stommel's Complaint alleges three causes of action. First, Stommel alleges a claim for promissory estoppel requiring LNV to reconvey the America West Deed of Trust, to release any right, title or interest in Stommel's property, and to pay damages. Second, Stommel seeks declaratory judgment that LNV is bound by America West's promises to reconvey the America West Deed of Trust, that Stommel reasonably relied on America West's promises to her detriment, and that the America West Deed of Trust is invalid and unenforceable based on the unfulfilled promises and representations of America West. Third, Stommel alleges a claim for injunctive relief requesting the court to enjoin LNV from foreclosing on the America West Deed of Trust.

## DISCUSSION

### Motion to Dismiss

LNV moves to dismiss Stommel's Complaint, arguing that this court lacks subject matter jurisdiction because Stommel failed to exhaust the administrative process under FIRREA before filing suit. LNV further argues that Stommel's equitable claims should be dismissed under the anti-injunction provision of FIRREA, 12 U.S.C. § 1821(j).

### 1. FIRREA Administrative Process

LNV argues that this court lacks subject matter jurisdiction over Stommel's claims because Stommel failed to present her claims against America West to the FDIC when America West went into receivership. *See* 12 U.S.C. § 1821(d)(13)(D). Stommel's Complaint alleges that America West failed to release the Deed of Trust once it received evidence that the sale between Phair and Stommel closed. LNV argues that Stommel's causes of action relate exclusively to America West's actions, not LNV's actions. As such, LNV asserts that Stommel was required to present her claims to the FDIC for determination through the FIRREA administrative process because the FIRREA administrative process is the exclusive way for an aggrieved person to make a claim against a failed bank. *See* 12 U.S.C. § 1821(d)(3)-(5).

The Tenth Circuit recognizes the "long settled rules of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Dry Creek Lodge, Inc. v. United States*, 515 F.2d 926, 933 n.7 (10th Cir. 1975). FIRREA provides an administrative review of claims certain parties may have against the receiver of a failed institution. 12 U.S.C. § 1821(d)(3)-(5). For the covered claims and parties, participation in this claim process is mandatory and a prerequisite to judicial review. 12 U.S.C. § 1821(d)(13)(D)

Stommel argues that FIRREA's jurisdictional bar has no application to her lawsuit to defend her primary residence from LNV's threatened foreclosure. In *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269 (10th Cir. 1994), the Tenth Circuit analyzed which claims are potentially subject to FIRREA's jurisdictional bar in 12 U.S.C. § 1821(d)(13)(D). *Homeland*, 17 F.3d at 1273. The *Homeland* court acknowledged that "[s]tanding alone, this language

4

appears very broad," however, the "claims" barred by § 1821(d)(13)(D) "parallel those contemplated under FIRREA's administrative claims process laid out in the greater part of § 1821(d)." *Id.* The court found that "much of § 1821(d) indicates that in requiring administrative review–and in the meantime forbidding federal court jurisdiction–of 'claims,' Congress had in mind creditor and related claims arising before an institution enters receivership." *Id.* at 1274. The court found that the term "claim" excluded claims "arising from management actions of the RTC after taking over a depository institution." *Id.*

Stommel's claims do not fall within the definition of "claims" set forth in *Homeland*. She is not and has never been a creditor of America West. *See Colman v. Wendover Funding Inc.*, 1996 WL 316460, *3 (10th Cir. June 12, 1996) (unpublished) (holding that debtors' claims were not jurisdictionally barred by § 1821(d)(13)(D)). While LNV focuses on whether or not America West timely released the Deed of Trust, Stommel's claims in this action are a defense of LNV's threatened foreclosure of her primary residence. Therefore, her claims did not arise until LNV threatened to foreclose her home in April 2013, long after America West failed and the FDIC was named receiver.

Under the Tenth Circuit's view of FIRREA, FIRREA does not apply to claims made in defense of LNV's threatened foreclosure which occurred long after the FDIC took over America West. Another district court recently discussed this very issue in *Nat'l Credit Union Admin. Bd. v. JPMorgan Chase Bank, N.A.*, 2013 WL 4736374 (D. Kan. Sept. 3, 2013). In *Nat'l Credit Union*, the plaintiff brought suit against JPMorgan Chase as successor-in-interest to Washington Mutual Bank, a failed institution. *Id.* at *1. The court relied on the reasoning from another district court, stating: "[FIRREA's] administrative procedures were designed to permit a claimant

5

to 'seek a determination of rights with respect to the assets of any depository institution for which the corporation has been appointed receiver.' But the assets–and-liabilities–at issue here have passed . . . to JPMorgan, and FIRREA's claims procedure includes no provision for impleading the purchaser of a failed bank's assets and liabilities. Thus, the claims . . . here could not be brought under the administrative procedures of § 1821(d), making FIRREA's exhaustion requirement inapplicable." *Id.* at *3.

Here, like *Nat'l Credit Union*, the America West Deed of Trust passed from the FDIC to LNV in April 2012, nearly four years ago. FIRREA does not apply to Stommel's claims against LNV because the America West Deed of Trust is no longer an asset of a failed institution. As recognized in *Nat'l Credit Union*, FIRREA's claims procedure includes no provision for impleading the purchaser of a failed bank's assets and liabilities. Stommel's claims arose based on LNV's attempts to assert greater rights in the America West Deed of Trust than America West claimed. LNV cannot acquire greater rights in a Deed of Trust than the original bank had in the instrument. LNV merely acquired America West's interest in the Deed of Trust. FIRREA cannot address such actions taken by a purchaser of a failed bank's assets. Therefore, FIRREA's jurisdictional bar does not apply to Stommel's claims against LNV's threatened foreclosure.

In addition, the fact that Stommel pursued the action against LNV is irrelevant. In *Bolduc v. Beal Bank SSB,* 167 F.3d 667 (1st Cir. 1999), the borrowers filed a preemptive lawsuit to enjoin the defendant bank from foreclosing upon their properties. *Id.* at 669-70. The defendant bank had purchased the mortgage at issue from the FDIC as receiver of a failed bank. *Id.* at 670. The First Circuit stated that "the FIRREA exhaustion requirement applies to claims against the bank and not to claims by the bank against those indebted to it." *Id.* at 671. The court found that

6

debtors need not submit their defenses to FIRREA's claims administrative process and "who happens to be the plaintiff is not controlling." *Id.* Because Bolduc's suit was about defenses to foreclosure, and not a claim seeking payment from the defendant bank or disputing ownership of the assets, FIRREA's jurisdictional bar did not apply. *Id.* at 672. Several other court have also found that affirmative defenses to actions filed by the receiver do not fall within FIRREA's jurisdictional bar. *See, e.g.*, *Resolution Trust Corp. v. Love*, 36 F.3d 972, 977 (10th Cir. 1994).

As in *Bolduc*, Stommel's claims against LNV are defensive in nature even though Stommel preemptively raised the claims to prevent LNV's threatened foreclosure of her property. It makes no difference that Stommel is pursuing these defenses as a plaintiff. Stommel's defensive claims are not subject to FIRREA's jurisdictional bar. LNV argues that Stommel's promissory estoppel claim seeks money damages. However, seeking attendant money damages does not convert her claim into something other than a defense to a foreclosure. She is seeking damages in relation to LNV's actions, not America West's actions.

Moreover, LNV's interpretation of FIRREA would deprive Stommel of her due process rights. LNV argues in its motion that Stommel was required to present her claims to the FDIC no later than August 5, 2009, and her failure to do so divests this court of jurisdiction. Thus, LNV is arguing that Stommel is too late to seek administrative review and, without such administrative review, this court cannot review her claim. Such an argument runs afoul of an individual's due process right to be heard when their property rights are under threat.

The Tenth Circuit, in *Homeland*, recognized that if it found Homeland's claims jurisdictionally barred under FIRREA, "Homeland would have neither an administrative nor a judicial forum for the claims." 17 F.3d at 1274 n.5. The court further stated that such a

7

construction of FIRREA "raises constitutional problems" because "Homeland would not only be denied timely judicial review, but all review." *Id.*

In this case, Stommel stands to lose her primary residence as a result of LNV's recent threats to foreclose. LNV's position that Stommel has no available forum to assert defenses to the threatened foreclosure is directly contrary to the Tenth Circuit's construction of FIRREA in *Homeland*.

Finally, as an unrelated third party, Stommel cannot be said to have had notice of the FDIC's receivership of America West. LNV argues that Stommel had 90 days after America West entered receivership to file her claims with the FDIC. However, the notice posted on America West's webpage makes it clear that it pertains to claims of America West's creditors. Even if Stommel had received notice of the FDIC's receivership of America West and the administrative claims process, she would have had nothing to file in August 2009 because her claims in defense of LNV's threatened foreclosure did not accrue until 2013 when LNV threatened foreclosure. America West never threatened foreclosure. Therefore, the court concludes there is no basis for dismissing Stommel's claims against LNV.

### 2. Anti-Injunction Provision

Even if Stommel's claims were not barred for failure to exhaust administrative remedies, LNV argues that her claims would be barred by the anti-injunction provisions of FIRREA, 12 U.S.C. § 1821(j). FIRREA's anti-injunction provision states that "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." The anti-injunction provision of § 1821(j) evidences "an intent by Congress to prohibit any interference with the [FDIC] as a receiver–either directly or indirectly." *See*

*Pyramid Construction Co. v. Wind River Petroleum, Inc.*, 866 F. Supp. 513, 519 (D. Utah 1994).

In *Pyramid*, the court found that the rescission of a sale of real property and order requiring the RTC to sell the property to another party would violate the anti-injunction provision. *Id.* In addition to *Pyramid*, LNV relies on *Dittmer Properties, L.P. v. FDIC*, in which the Eighth Circuit dismissed a plaintiff's claims against a third-party purchaser, finding that the anti-injunction prohibition in § 1821 applied to assets sold by the FDIC to a remote third party purchaser as well as to assets held by the FDIC. 708 F.3d 1011, 1017 (8th Cir. 2013).

However, the court finds that these cases are factually distinguishable. The claims for rescission and resale addressed in *Pyramid* are significantly different than Stommel's claims in this case. Stommel alleges, and this court must assume as true, that the America West Trust Deed was worthless when the FDIC took over America West and acquired the Trust Deed. The fact that the FDIC took over America West did not change the value of the Trust Deed. The America West Trust Deed is worth whatever it was worth when the FDIC acquired it. In addition, the fact that LNV purchased the Trust Deed from the FDIC does not change its value. LNV did not acquire greater rights in the Trust Deed than America West had. LNV acquired America West's interest in the Trust Deed. Stommel's claims do not seek to undo or alter any action by the FDIC, they merely ask this court to declare the value of the Trust Deed.

LNV argues that a declaration by this court that the Trust Deed is worthless could have a chilling effect on the FDIC's ability to transfer assets to third parties. However, unlike a specific piece of property that is individually transferred or sold, the transfer in this case was a bundle of mortgages. LNV acquired that bundle of mortgages knowing that some were valuable and some were not. The court does not believe that a determination that the Trust Deed at issue in this case

is worthless would have a chilling effect on the FDIC's ability to transfer bundles of trust deeds to third parties.

Moreover, Stommel's claims focus on LNV's actions not the actions of the FDIC. Assuming the facts as alleged in the Complaint, LNV acquired the Trust Deed from the FDIC, learned that America West, its predecessor-in-interest, intended to release the Trust Deed but failed to do so, and then threatened to foreclose on the property based on a Trust Deed its predecessor-in-interest agreed to release. Stommel is not alleging that the FDIC had any knowledge of the circumstances relating to the specific Trust Deed at issue in this case or did anything other than bundle it with other Trust Deeds and transfer it to LNV.

Therefore, the court concludes that the claims at issue in this case do not implicate the Anti-Injunction provisions of FIRREA. Accordingly, the court finds no basis for dismissing Stommel's claims.

## CONCLUSION

For the reasons stated above, Defendant LNV Corporation's Motion to Dismiss is DENIED.

DATED this 3rd day of April, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge