IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA STOMMEL,<br><br>                    Plaintiff,<br><br>vs.<br><br>LNV CORPORATION,<br><br>                    Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:13CV821DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant LNV Corporation's Motion for Rule 54(b) Certification of Final Judgment and Suggestion of Mootness.  On January 30, 2015, this court entered a Memorandum Decision and Order granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.  Because Plaintiff did not move for summary judgment on her promissory estoppel claim and Defendant's motion for summary judgment on Plaintiff's promissory estoppel claim was denied, the January 30, 2015, Memorandum Decision and Order did not rule on all the claims pending before the court.  The court erroneously entered a Judgment in a Civil Case that same day.  On February 18, 2015, Defendant filed a Notice of Appeal.  On March 4, 2015, the Tenth Circuit Court of Appeals entered an Order noting that this court had not entered a final order or judgment resolving all claims against all parties.  Plaintiff did not oppose LNV's Motion for Rule 54(b) Certification of Final Judgment but did oppose Defendant's Suggestion of Mootness on April 13, 2015.  The time for Defendant to reply with respect to the Suggestion of Mootness has passed.  Therefore,

the court considers the motions fully briefed. Now being fully advised, the court renders the following Memorandum Decision and Order.

## DISCUSSION

In a case involving multiple claims and counterclaims, Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). An analysis of whether Rule 54(b) certification is appropriate requires the court: (1) to determine that the order to be certified is a final judgment; and (2) to find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *Id.* at 7-8; *see also Oklahoma Turnpike Auth. v. Bruner,* 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

"In making these determinations, the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court should consider "'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980)).

Although Plaintiff does not oppose the Rule 54(b) certification, the court has serious concerns over whether the policy considerations underlying Rule 54(b) would be met by allowing a Rule 54(b) certification in this case. The separability requirement must be satisfied in order for

the judgment to be considered "final." *Old Republic Ins. Co. v. Durango Air Serv., Inc.,* 283 F.3d 1222, 1225 (10th Cir. 2002); *see also Oklahoma Turnpike Auth.,* 259 F.3d at 1243. "[The judgment] must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.,* 466 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)); *see also Old Republic Ins.*, 283 F.3d at 1225.

In this case, Plaintiff's promissory estoppel claim is a separate claim even though it is based on the same facts and seeks the same legal relief that her declaratory judgment and injunctive relief claims seek. Therefore, although there is significant overlap between the claims in this case, the first element of Rule 54(b) certification is met.

The court must next consider whether there should be any just reason for delay of entry of final judgment in light of the strong policy against piecemeal appeals. *See Curtis-Wright*, 466 U.S. at 8. To aid in this inquiry, the Supreme Court directed district courts to exercise discretion "in the interest of sound judicial administration" to determine when each final decision in a multiple claims action is ready for appeal. *Id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 437). The court should consider "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

The court finds no just reason for delay because there is no need for Plaintiff to pursue a separate final judgment on her promissory estoppel claim. Plaintiff's promissory estoppel claim seeks the same legal relief based on the same facts as the claims that have a final adjudication.

Therefore, there is little practical chance that piecemeal appeals would occur.  In fact, Defendant seeks to appeal the court's denial of its motion for summary judgment on Plaintiff's promissory estoppel claim along with the court's granting of summary judgment on Plaintiff's declaratory judgment and injunctive relief claims.  The court concludes that the claims are so interconnected that judicial economy would be served by the issues being considered together and reviewed at this stage of the litigation.  Therefore, the court finds no just reason for delay.  Accordingly, the court grants Defendant's motion for Rule 54(b) certification.

Defendant further seeks a ruling from the court that Plaintiff's promissory estoppel claim is moot.  The court agrees that Plaintiff's promissory estoppel claim does not afford her any additional relief and, in a technical sense, could be considered moot at this point because she has all the relief she can obtain.  However, the claim cannot be considered moot while Defendant seeks to appeal the court's denial of summary judgment on the claim.  The claim provides Plaintiff with a separate basis for obtaining the relief that the court granted Plaintiff on the other two claims and it is unnecessary for the court to declare the claim moot while such interconnected matters are pending on appeal.  Therefore, Defendant's suggestion of mootness is denied.

## CONCLUSION

For the reasons stated above, Defendant LNV Corporation's Motion for Rule 54(b) Certification is GRANTED and its Suggestion of Mootness is DENIED.

DATED this 27th day of April, 2015.

_____
DALE A. KIMBALL
United States District Judge