# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHRISTINA STOMMEL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LNV CORPORATION,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER GRANTING ATTORNEY FEES AND COSTS**<br><br>Case No. 2:13CV821DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion for Award of Attorneys' Fees and Costs. The motion is fully briefed and the court concludes that a hearing would not significantly aid in its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the materials submitted by the parties and the law and facts relevant to the motion.

In this court's January 30, 2015 Memorandum Decision and Order, the court concluded that Plaintiff was entitled to recover her fees and costs pursuant to the America West Deed of Trust at issue in this action and the Utah Reciprocal Fee Statute, Utah Code Ann. § 78B-5-826. *See Dillon v. S. Mgmt. Corp. Ret. Trust*, 2014 UT 14. Defendant asks the court to reconsider this decision. However, Defendant presents the same arguments the court denied previously. Defendant again attempts to distinguish the *Dillon* case. However, that case is remarkably similar to the present case. Defendant sought an award of attorney fees under the America West Deed of Trust in its Amended Answer. *Dillon* allows attorney fees and costs to the prevailing party in a suit to enjoin a threatened foreclosure. Although Plaintiff did not specifically seek an

award of attorney fees in her Complaint, given that *Dillon* was decided nine months after she filed her Complaint, she did seek "such other and further relief as the court deems just and proper." Given the *Dillon* decision that occurred in the interim, attorney fees and costs under the subject Deed of Trust is just and proper further relief. Accordingly, the court finds no basis for reconsidering its prior decision that an award of attorney fees and costs is appropriate.

Plaintiff's motion requests $105,487.00 in attorney fees and $3365.10 in recoverable costs. Defendant objects to the reasonableness of the requested fees and costs. Plaintiff, as the party requesting fees, bears the initial burden of proving the amount of hours spent on the case and the appropriate hourly rates. *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). The court must also determine whether counsel has exercised billing judgment with respect to the claimed number of hours worked. *See Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). In determining the reasonableness of the number of hours, "the fee applicant should exercise billing judgment with respect to the number of hours worked and billed . . . Billing judgment consists of winnowing hours actually expended down to hours reasonably expended." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).

Defendant contends that Plaintiff's requested attorney fees are unreasonable because they include work related to an unsuccessful claim. Plaintiff brought three causes of action to stop Defendant's threatened foreclosure of her home: promissory estoppel; declaratory judgment; and injunctive relief. This court granted Plaintiff summary judgment on her declaratory judgment and injunctive relief causes of action, declaring the America West Deed of Trust to be without value and incapable of being the basis for a foreclosure action and enjoining Defendant from attempting to use the Deed of Trust to foreclose Plaintiff's property. Plaintiff did not move for

summary judgment on her promissory estoppel claim, and the court denied Defendant's request for summary judgment on Plaintiff's promissory estoppel claim. Therefore, Plaintiff's promissory estoppel claim is unresolved. However, by receiving summary judgment on her declaratory judgment and injunctive relief claims, Plaintiff obtained all the relief she had requested in her Complaint. Plaintiff's promissory estoppel cause of action did not seek any relief different from or in addition to the relief sought under the other two causes of action. Similarly, this is not a situation in which Plaintiff has not yet obtained all the relief she was seeking. Although Defendant characterizes the promissory estoppel claim as an unsuccessful claim, Plaintiff prevailed completely.

A party is deemed the prevailing party if it succeeds on any "significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Moreover, a failure to prevail on all claims does not mandate a reduction of attorneys' fees. In *Hensley*, the Court stated that there are two questions that must be asked: "First, did the plaintiff fail to prevail on claims that were unrelated to the claim on which [s]he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434. Claims that involve a "common core of facts" or "related legal theories" make it "difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435. The Court stated that "[s]uch a lawsuit cannot be viewed as a series of discrete claims." *Id.* Moreover, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his [or her] attorney's fee reduced simply because the district court did not adopt each contention raised."

In this case, Plaintiff did not fail to succeed on any claim. At the summary judgment stage, she merely chose to obtain her relief on two of the three claims asserted. Plaintiffs three

claims involve a "common core of facts" and "related legal theories" that make it "difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435.  As such, the "lawsuit cannot be viewed as a series of discrete claims." *Id.*  Plaintiff's three claims sought the same relief and, when she obtained that relief, she prevailed completely.  The work on those interrelated claims, therefore, need not be separately considered for purposes of determining an award of attorney fees.  The work completed to oppose Defendant's summary judgment motion relates to all three causes of action.  The interconnected work on interconnected claims does not make Plaintiff's request unreasonable.

Next, Defendant claims that some of counsel's fees were excessive.  Defendant points to entries relating to the deposition of Ms. Kelley.  Plaintiff, however, has adequately explained the combination of work that occurred on the days in question.  The court is aware that much of the work related to a deposition occurs outside the actual deposition hours.  The court does not find the work to be excessive.

Defendant also argues that Plaintiff seeks an award of attorney fees for activities not directly related to prosecuting her motions against Defendant.  In particular, Defendant takes issue with Plaintiff's FOIA request and other informal discovery efforts with the FDIC even though Plaintiff had moved the court to compel Defendant to produce those same documents.  However, Defendant claimed rights in the Deed of Trust by virtue of the assignment from the FDIC and refused to produce the assignment.  The court does not view counsel's decision to pursue a motion to compel and a FOIA request at the same time to be unreasonable or excessive.  Moreover, there is no need for the work to be tied to a motion for summary judgment rather than discovery in general.

Defendant further argues that Plaintiff seeks fees and costs in connection with the

research of claims that were not asserted in connection with the motions for summary judgment and incurred in representation of a third party, Select Title, in response to a subpoena and motion to compel. Plaintiff asserts that assisting Select Title was in direct furtherance of Plaintiff's interests. Plaintiff assisted Select Title in demonstrating that it had turned over all the documents requested and obviated the need for a show cause hearing. The court does not find such work to be unreasonable.

Finally, Defendant asserts that Plaintiff seeks recovery for fees incurred by non-lawyers for work that was unnecessary or which could have been performed by a secretary. The work consists of tasks such as managing, reviewing, and preparing documents and exhibits. Such work is customarily performed by paralegals in this legal market. Therefore, the court does not find $511.50 unreasonable for these types of services.

The court concludes that Plaintiff's requested fees and costs are sufficiently detailed, necessary to the prosecution of the action, and reasonable. Accordingly, the court awards Plaintiff $105,487.00 in attorney fees and $3365.10 in costs recoverable under the America West Trust Deed and Utah's Reciprocal Fee Statute.

DATED this 13th day of May, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge